**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**UNITED STATES OF AMERICA**                                                            **PLAINTIFF**

**VS.**                                                        **CIVIL ACTION NO. 3:08CV402-WHB-LRA**

**ONE 1973 CHEVROLET CAPRICE**                                 **DEFENDANT**
**CONVERTIBLE AUTOMOBILE VIN 1N67R3S143763, ET AL**     **PROPERTY**

## ORDER

THIS CAUSE came before the undersigned Magistrate Judge via telephonic hearing conducted January 29, 2010, upon Plaintiff's First Amended Motion to Compel, document 32, and upon Plaintiff's Second Motion to Compel, document 35. After considering the pleadings, the pertinent authorities, and argument of counsel, the Court finds that the motions are well advised and should be granted.

At issue in Plaintiff's first motion is the number of interrogatories propounded by Plaintiff to the claimants. Claimants objected to the number of interrogatories, contending that they exceeded the limit of thirty when subparts were included. Plaintiff contends that it only propounded a total of 17 written interrogatories to Claimant Denise McLaughlin and a total of 15 written interrogatories to Claimant Milton McLaughlin; Plaintiff asserts that the subparts set forth in the interrogatories were properly included for each single interrogatory. Plaintiff also contends that Claimants waived any objections to the number by failing to timely object.

1

Not considering the issue of arguable waiver, the Court finds that the subparts were proper, and the discovery does not exceed the limitations on interrogatories. Rule 33 provides that a party may serve on any other party "no more than 25 [30 at time interrogatories were propounded] written interrogatories, including all discrete subparts." The Court agrees that all of the subparts were sufficiently tailored to elicit specific information concerning the common theme of the interrogatory. The Advisory notes for Rule 33 provide in part as follows:

> ... Parties cannot evade this presumptive limitation through the device of joining as "subparts" questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.

Advisory notes, 1993 Amendments, p. 199.

All of the interrogatory subparts at issue in this case are similar to the example allowed. For example, asking for a claimant's personal identification, including full name, age, residence, and employment, are all legitimately included in one interrogatory. The subparts are not discrete.

The Court finds that the discovery is reasonable, and the number of interrogatories shall be allowed.

In Plaintiff's Second Motion to Compel, document 35, Plaintiff requested the claimants' federal and state income tax return documents for the years 2000-2006. Claimants objected, contending that they do not have such information in their

possession.  They do not contend that Plaintiff is not entitled to the information; they simply contend that the Government should obtain them and pay to get the returns.

The undersigned has consistently held that when financial issues are relevant and otherwise discoverable, all parties must obtain their own tax returns and provide them for discovery purposes.  Rule 34 requires a party to produce a document or tangible thing if the party has the requested item in its "possession, custody, or control."   A document is under the control of a party when he has a "legal right to obtain [the document] upon demand."  Searock v. Stripling, 736 F.2d 650, 653-54 (11th Cir. 1984); In re Flag Telecom Holdings, Ltd. Securities Litigation, 236 F.R.D. 177, 181 (S.D.N.Y. 2006).

In accordance with this Court's practice, claimants shall be directed to obtain their own tax returns, even though they do not have actual possession of them.  The Government has no right to obtain the returns directly from the Internal Revenue Service; the claimants obviously do.

No scheduling deadlines or trial date have been set in this case, and the Court hereby establishes the deadlines below.

IT IS, THEREFORE, ORDERED:

1. Plaintiff's First Amended Motion to Compel, document 32, is **granted**, and claimants are directed to fully respond to all interrogatories on or before **March 11, 2010.**

2. Plaintiff's Second Motion to Compel, document 35, is **granted**, and claimants are directed to obtain those state and federal tax returns at

issue as soon as possible, but before **April 13, 2010**, and provide copies to Plaintiff by that date.

3. Discovery shall be completed on or before **June 18, 2010.**

4. All discovery, case-dispositive motions and motions challenging an opposing party's expert [*Daubert*] shall be filed by **July 2, 2010,** fourteen [14] days after the discovery deadline. All other *in limine* motions shall be filed no later than **August 27, 2010**, with the response being filed no later **September 3, 2010.** *See* Rule 7(b)(2)(B)(C)(D) of the Local Rules, effective December 1, 2009.

5. The pretrial conference in this case is set on **September 10, 2010,** at a specific time to be later set, before District Judge William H. Barbour, Jr.

6. That this case is set for a jury trial during a trial calendar that begins on **October 4, 2010,** and ends on **October 15, 2010**, before District Judge William H. Barbour, Jr.

SO ORDERED, this the 22nd day of February, 2010.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE